UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JASON J. STEURY,                )
                                )
        Petitioner,             )
                                )
v.                              )    No. 1:09-cv-950-LJM-DML
                                )
BRETT MIZE,                     )
                                )
        Respondent.             )

**Entry Discussing Petition for Writ of Habeas Corpus**

Having considered the pleadings and the expanded record in this action for habeas corpus relief brought by Jason Steury, the court concludes that his petition for writ of habeas corpus must be denied. This conclusion is based on the following facts and circumstances:

1.      During the evening of December 16, 2003, Steury admitted to police in Blackford County that he had had sexual intercourse with C.W., the 12-year old daughter of his girlfriend Laura. These statements were made after Steury had been advised of his *Miranda* rights and after he executed a standard waiver of those rights. The following day he was charged with seven counts of child molesting as a Class A felony, and he was convicted on each count at a jury trial in March 2005. On April 8, 2005, Steury was sentenced to an aggregate sentence of 60 years.

2.      Stuery argued in his direct appeal, among other things, that the trial court erred in admitting evidence of his confession. This was an argument based on his Fifth Amendment rights. The Indiana Court of Appeals rejected this and other arguments in *Steury v. State,* No. 05A04-0602-CR-84 (Ind.Ct.App. 2007)(*Steury I*). Steury subsequently argued that admission of the confession was error under the Fourth Amendment–because police lacked probable cause to arrest him–and that he was denied the effective assistance of counsel. These claims were rejected in his petition for post-conviction relief, first in the trial court and then on appeal in *Steury v. State,* No. 05A02-0806-PC-555 (Ind.Ct.App. 2009)(*Steury II*).

3.      Steury then filed the present action. He seeks relief pursuant to 28 U.S.C. § 2254(a). In the exercise of its habeas jurisdiction, a federal court may grant relief only if the petitioner shows that he is in custody "in violation of the Constitution or laws of the United States." *Id.*

        a.      "Under the current regime governing federal habeas corpus for state prison

inmates, the inmate must show, so far as bears on this case, that the state court which convicted him unreasonably applied a federal doctrine declared by the United States Supreme Court." *Redmond v. Kingston,* 240 F.3d 590 (7th Cir. 2001) (citing 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362 (2000); *Morgan v. Krenke,* 232 F.3d 562 (7th Cir. 2000)).

b.   As to habeas claims which were not decided on the merits by the state courts, and hence claims not preserved for federal habeas review–claims as to which there has been a procedural default because either (1) a petitioner failed to exhaust state remedies and the court to which he would have been permitted to present his claims would now find such claims procedurally barred, *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1990), or (2) "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment" *id.,* at 729–the habeas court may not reach the merits of such claims unless the habeas petitioner overcomes the consequences of that waiver by "demonstrat[ing] either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's 'actual and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004)(internal citations omitted).

4.   Steury claims that the admission of his confession at trial violated the Fourth Amendment because the confession was the product of an unreasonable search and seizure. In pressing such a claim here, Steury faces a significant hurdle.

a.   In *Stone v. Powell,* 428 U.S. 465 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 495; *see Cabrera v. Hensley,* 324 F.3d 527, 530 (7th Cir. 2003)(quoting *Stone* at 494). *Stone's* rationale is based on the minimal police deterrence effect that would result from applying the exclusionary rule to habeas proceedings. *See Hampton v. Wyant,* 296 F.3d 560, 562-64 (7th Cir. 2002).

b.   An accused receives a "full and fair opportunity" to litigate his claim if: (1) he has clearly informed the state court of the factual basis for his claim and has argued that those facts constitute a violation of his Fourth Amendment rights, and (2) the state court has carefully and thoroughly analyzed the facts, and (3) applied the proper constitutional case law to the facts. *Weber v. Murphy*, 15 F.3d 691, 694 (7th Cir. 1994).

c.   Steury filed a motion to suppress in the trial court. The motion was denied. This provided Steury the opportunity for full and fair litigation of a Fourth Amendment claim. It has been explained that the "full and fair opportunity" guarantees the right to present one's case, but it does not guarantee a correct result. *Cabrera v. Hensley,* 324 F.3d 527, 532 (7th Cir. 2003). Because Steury had

this opportunity, the Fourth Amendment claim is not cognizable in this action for federal habeas relief.

d.  Even if the court concluded otherwise with respect to the foregoing, there is an additional procedural hurdle: Insofar as Steury based his argument on the Fourth Amendment, the claim surfaced in *Steury II* as an aspect of Steury's claim of ineffective assistance of counsel. Steury failed to separately and properly argue in *Steury I* a Fourth Amendment violation associated with the admission of his confession. Accordingly, Steury has not preserved this claim for federal habeas review. See *Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001) (to satisfy the fair presentment requirement, the petitioner must present both the operative facts and the legal principles that control each claim to the state judiciary; otherwise, he has forfeited federal review of his claim); *Lane v. Richards,* 957 F.2d 363, 366 (7th Cir.) (issues were not presented on direct appeal and relief would be barred by procedural default), *cert. denied,* 113 S. Ct. 127 (1992). He has, moreover, failed to demonstrate or even argue the existence of circumstances permitting him to overcome the consequences of this default.

5.  Steury claims that the admission of his confession violated his Fifth Amendment right against self-incrimination. This claim was presented in *STEURY I*, where the Indiana Court of Appeals explained that the relevant inquiry was whether Steury had voluntarily given the statement, *Steury I,* at p. 3 n.2, and concluded that (a) the totality of the circumstances demonstrated that Steury's confession was voluntary, and (b) Steury had not been misled because police did tell him that they were investigating C.W.'s allegations that he had performed intercourse with her before they elicited anything incriminating from him.

a.  The Fifth Amendment to the Constitution guarantees that no person "shall be compelled in any criminal case to be a witness against himself." This guarantee is generally known as the Fifth Amendment privilege against compelled self-incrimination. This privilege is protected against abrogation by the States through the Fourteenth Amendment. See *Malloy v. Hogan*, 378 U.S. 1, 5 (1964). The Supreme Court has recognized that custodial interrogations are inherently coercive. *Miranda v. Arizona,* 384 U.S. 436, 467 (1966). To combat this and to protect the Fifth Amendment privilege against self-incrimination, *Miranda* set forth procedures through which police officers should apprise defendants of their rights. The *Miranda* warnings ensure that a suspect knows of his rights not to talk to the police, to have a lawyer present, and to discontinue talking at any time, as well as ensuring that the suspect is apprised that his statements can be used to secure his conviction. *Moran v. Burbine,* 475 U.S. 412, 420 (1986).

b.  "When a *Miranda* waiver is challenged, two distinct questions are presented: whether the waiver was voluntary, knowing, and intelligent as a matter of fact, and whether it was involuntary as a matter of law." *Henderson v. DeTella,* 97 F.3d 942, 946 (7th Cir. 1996) (citations omitted). A waiver is voluntary in the absence of coercion, and is knowing if made "'with a full awareness of both the nature of the

right being abandoned and the consequences of the decision to abandon it.'" *United States v. Krilich*, 159 F.3d 1020, 1025-26 (7th Cir. 1998) (quoting *Moran v. Burbine,* 475 U.S. 412, 421 (1986)). A confession is involuntary only if there is (1) police coercion or overreaching which (2) overbore the accused's will and (3) caused the confession. *See Colorado v. Connelly,* 479 U.S. 157, 165-66 (1986). "[C]oercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." *Id.* at 167. A confession is voluntary "if the totality of the circumstances demonstrates that it was the product of rational intellect and not the result of physical abuse, psychological intimidation, or deceptive interrogation tactics calculated to overcome the defendant's free will." *Watson v. DeTella,* 122 F.3d 450, 453 (7th Cir. 1997) (citations omitted). In determining whether a statement is voluntary, the court looks at the surrounding circumstances and the combined effect of the entire course of the officer's conduct upon the defendant. *See United States v. Polanco,* 93 F.3d 555, 560 (9th Cir. 1996).

    c.    The Indiana Court of Appeals recognized these principles in *Steury I.* It concluded that Steury's statements to police were voluntarily given and were not the product of coercion by police. In doing so, the Indiana Court of Appeals "took the constitutional standard seriously and produced an answer within the range of defensible positions." *Mendiola v. Schomig,* 224 F.3d 589, 591 (7th Cir. 2000). Thus, the Indiana Court of Appeals did not reach a decision on Steury's Fifth Amendment claim that was either contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. Stuery's Fifth Amendment *Miranda* claim fails to support the issuance of a writ of habeas corpus, under either the "contrary to" or the "unreasonable application" prong of a § 2254(d)(1) analysis. There is, likewise, no argument or discernible basis for an argument that the state court's decision as to this claim in *Steury I* was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2); *Cheeks v. Gaetz,* 571 F.3d 680, 684-85 (7th Cir. 2009).

    6.    Steury claims that he was denied the effective assistance of counsel in several respects. A claim of this nature is evaluated under the two-pronged test outlined in *Strickland v. Washington,* 466 U.S. 668 (1984).

> Under *Strickland,* a defendant alleging ineffective assistance of counsel must show that trial counsel's performance fell below "an objective standard of reasonableness," 466 U.S. at 688, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. *Strickland[']s* first element requires proof that the petitioner's trial counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Our review of the attorney's performance is "highly deferential" and reflects "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances,

> the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). The second part of the *Strickland* inquiry requires a showing of prejudice, that is, proof that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. A "reasonable probability" of a different result is one sufficient to undermine confidence in the outcome." *Id.* at 694.

*Davis v. Lambert,* 388 F.3d 1052, 1059 (7th Cir. 2004). Steury's specifications of ineffective assistance of counsel can best be divided into two groups–(1) the specification which was addressed on the merits in *STEURY II,* and (2) those which were found to have been procedurally waived in *STEURY II* because of inadequate argument.

> a. Steury claims that his trial lawyer rendered ineffective assistance by failing to adequately argue for suppression of his confession. The Indiana Court of Appeals reasonably applied clearly established federal law to this allegation of ineffective assistance of trial counsel. In analyzing the performance of counsel, the Indiana Court of Appeals properly recognized the two-prong test of *Strickland. Steury II*, at pp. 6-7. The Indiana Court of Appeals then reasonably concluded that police had probable cause to arrest Steury for class A felony child molesting before they arrested him on the probation violation. *Id.* at 8-9 (citing Sears v. State, 668 N.E.2d 662, 667, n. 9 (Ind. 1996)(holding that "[t]he uncorroborated testimony of a crime victim may provide probable cause necessary for a warrantless arrest")). The Court of Appeals examined the circumstances of Steury's arrest, concluded that Detective Felder had probable cause to arrest Steury based on C.W.'s account of Steury's numerous acts of intercourse with her beginning when she was only nine years old, which had been relayed to Detective Felder by Captain Henderson, *id.,* at p. 9, concluded that "the causal connection between any potential illegal police conduct and the procurement of the incriminating statements from Steury was attenuated as to dissipate the taint of any illegal arrest," *id.,* at p. 11 (internal quotation omitted), and concluded further that "there was not a reasonable probability that the outcome of Steury's trial would have been different even if his trial counsel had raised the issues under the Fourth Amendment . . . ." *Id.* Accordingly, the Indiana Court of Appeals found that Steury had not shown that he was prejudiced by his trial counsel's performance. *Id.* In doing so, the Indiana Court of Appeals took the constitutional standard seriously and produced an answer within the range of defensible positions. *See, e.g., Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001)("It is not deficient performance to fail to raise an argument with no real chance of success."). Because this court cannot find that the Indiana Court of Appeals "unreasonably applie[d] [the *Strickland* standard] to the facts of the case," this court is without authority to grant [Steury's] petition for habeas relief as to his claim of ineffective assistance of counsel based on the specification that counsel failed to adequately argue for suppression of Steury's confession. *Murrell v. Frank,* 332 F.3d 1102, 1111 (7th Cir. 2003)(citing *Bell v. Cone,* 122 S. Ct. 1843, 1850 (2002)).

b. Regarding his claims that trial counsel was ineffective for failing to (1) call material witnesses on Steury's behalf, (2) secure expert witnesses to rebut the State's expert, (3) obtain available evidence to cast doubt upon reliability of State's witnesses, and (4) perfect Steury's direct appeal, the Indiana Court of Appeals found those claims waived for failure to make cogent argument under Indiana Appellate Rule 46(A)(8)(a). *Steury II*, at p. 11 n.2. *Badelle v. Correll,* 452 F.3d 648, 653 (7th Cir. 2006), illustrates that the above reasoning is the appellate norm. Once again, procedural default has occurred. *Id.,* 452 F.3d at 664 ("Before asserting a habeas claim in federal court, a petitioner must not only fairly present his claims to the state courts, he must do so at the time, and in the way, required by the state.")(citing cases). Steury has not attempted to overcome the consequences of his procedural default.

7. This court has carefully reviewed the state record in light of Steury's claims and has given such consideration to those claims as the scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Steury to relief in this case. His petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 02/11/2010

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana